UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRI V.,<br><br>    Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CASE NO. 3:25-CV-5131-DWC<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversible error and affirms the Commissioner's decision to deny benefits.

### I. BACKGROUND

Plaintiff applied for DIB on October 10, 2021. Administrative Record (AR) 17. Her alleged date of disability onset is July 16, 2021. *Id.* Her requested hearing was held before an Administrative Law Judge (ALJ) on April 11, 2024. AR 34–61. On July 26, 2024, the ALJ

issued a written decision finding Plaintiff not disabled. AR 14–33. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–6. On February 18, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 5.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

In her opening brief, Plaintiff challenges the ALJ's assessment of her subjective symptom testimony regarding her mental impairments and the medical opinion of Alysa Ruddell, PhD. Dkt. 9.

**A.   Mental Symptom Testimony**

Plaintiff testified she "can't be around people" as a result of her post-traumatic stress disorder; is hypervigilant and overwhelmed in public; has periodic anxiety; and has some issues with memory and concentration. *See* AR 49–51, 293.

The ALJ found Plaintiff's testimony was captured, in part, by the Residual Functional Capacity (RFC) assessment:

> Due to her mental impairments, the claimant is able to understand, remember, and carry out simple and routine work, and she can work for two-hour intervals with standard work breaks. Because she has alleged difficulty interacting with others and paranoid ideations, the claimant can tolerate only occasional contact with the public and coworkers, but no job tasks requiring public interaction or collaboration with coworkers.

AR 26.

1    To the extent her testimony was inconsistent with the RFC, the ALJ properly rejected it
2    based on the medical evidence, Plaintiff's activities, and some inconsistent statements in the
3    record.

4    Medical Evidence. The ALJ found Plaintiff's testimony inconsistent with the medical
5    evidence of record:

> mental status examinations show that her memory was within normal limits [AR 757, 1165, 1366], she was consistently alert and oriented [AR 395, 757, 1172, 1445], and she generally had a normal mood and affect [AR 635, 950, 1461], which is inconsistent with the claimant's testimony and subjective allegations.

AR 24. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).

The ALJ reasonably concluded the cited evidence was inconsistent with Plaintiff's testimony. To the extent Plaintiff alleged she could not engage in the sorts of interactions the RFC limited her to, for instance, that she was consistently alert and oriented during appointments, can reasonably be found inconsistent with her claims of debilitating hypervigilance and anxiety in social situations. To the extent Plaintiff alleged memory and concentration difficulties beyond those accounted for in the RFC, the ALJ reasonably found normal mental status examination results in those areas inconsistent with her allegations.

Plaintiff raises several arguments in response. First, Plaintiff argues that the ALJ erred in relying upon mental examinations from appointments related to physical symptoms and on mental examinations from virtual appointments. *See* Dkt. 9 at 11. Neither fact renders the examinations less than substantial evidence. Substantial evidence "is a highly deferential standard of review," *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009),

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

simply requiring "more than a mere scintilla" of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

Providers treating a claimant for physical problems are nonetheless competent to make observations about a claimant's mental status. *Cf. Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (finding primary care physician competent to provide opinion on a claimant's mental health because "it is well established" physicians in family or general practice "identify and treat the majority of Americans' psychiatric disorders" and because he provided "clinical observations of [the claimant's] depression").[1] Similarly, telehealth providers nonetheless observe and treat a patient's symptoms, and this evidence is of value. And given that many of Plaintiff's mental health appointments were telehealth appointments (*see* Dkt. 9 at 2), it would make little sense to exclude such evidence from the ALJ's consideration in evaluating the medical evidence.

Second, Plaintiff contends the ALJ ignored significant evidence in reaching this finding and ignored context in other treatment notes. Dkt. 9 at 12–13. Plaintiff points to evidence that in some notes relied upon by the ALJ (AR 753, 1164–65, 1366), Plaintiff was tearful, depressed, and occasionally reported hallucinations and OCD-related behavior. She also points to some additional notes suggesting the same (AR 772, 797, 852–53, 971, 1379).

But the additional context and evidence Plaintiff identifies does little to cast doubt upon the ALJ's conclusion. Most of the evidence Plaintiff identifies consists of her own subjective statements, rather than objective evidence. Evidence suggesting Plaintiff exhibited hallucinations

---

[1] Plaintiff relies upon *Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017), in arguing to the contrary, but in that case a medical opinion rendered by an orthopedist did not mention specific mental health problems. Because that provider would not be expected to mention those problems, the Court found that omission did not detract from the claimant's mental health complaints. *Id.* Here, however, the notes involving non-psychological complaints did include observations related to Plaintiff's mental symptoms. The ALJ relied not upon the omission of mental health complaints but, rather, upon recorded observations about mental health symptoms made by professionals competent to render them. *See Sprague*, 812 F.2d at 1232. That such observations might be unexpected in the context they were made does not render them insignificant.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

does not corroborate any of her subjective symptom testimony. *See* Dkt. 9 at 2–3. And as the ALJ discussed elsewhere in finding Plaintiff had only moderate limitations in mental functioning, "when the claimant reported auditory hallucinations and presented as anxious and depressed, her memory, judgment, and insight were described as 'fair,'" AR 25 (citing AR 1165), so such notations would not suggest Plaintiff is further limited than the RFC found her.

Similarly, while some notations indicated Plaintiff was tearful while describing trauma related to her ex-husband (*see* AR 753, 772), relevant notations nevertheless described much of her functioning as normal, and such abnormal mood exhibitions in such a context are not necessarily probative as to her functioning in the workplace. "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Finally, Plaintiff also argues the ALJ did not sufficiently explain why the cited evidence was inconsistent with her testimony. Dkt. 9 at 10 (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015)); Dkt. 14 at 2. The Court disagrees. The ALJ identified Plaintiff's testimony, identified evidence he relied upon, and indicated he was discounting Plaintiff's testimony on that basis. *See* AR 22, 24–25. "The ALJ's explanation for her assessment of [Plaintiff's] testimony was thus more than a single general statement that the claimant's statements are not credible and is sufficient to allow appellate review." *Nadon v. Bisignano*, 145 F.4th 1133, 1137 (9th Cir. 2025) (distinguishing and quoting *Brown-Hunter*, 806 F.3d at 493). The Court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion," *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989), and "'magic words' are not required of an ALJ," *Honcoop v. Barnhart*, 87 F. App'x 627, 629 (9th Cir. 2004) (unpublished).

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 5

<u>Activities</u>. The ALJ found Plaintiff's testimony inconsistent with her activities during the relevant period, including selling jewelry, going on walks, and shopping in stores. AR 23, 24. Activities of daily living are a valid reason to discount a claimant's testimony if they are inconsistent with her alleged symptoms. *See Orn v. Astrue*, 495, F.3d 623, 639 (9th Cir. 2007).

The ALJ found Plaintiff's testimony inconsistent with her activity of making and selling jewelry at jewelry swap meets. *See* AR 23. Such an activity is reasonably found to involve interacting with others, being in public, and exercising judgment to an extent beyond that alleged by Plaintiff. Plaintiff points out that she was unable to continue selling jewelry after September 2021 (Dkt. 9 at 5), but such evidence is still probative as to her functioning during the relevant period. Further, Plaintiff later indicated a desire to engage in jewelry swap meets (*see* AR 815, 822) with transportation as her barrier (AR 857), showing she still thought herself capable of performing in excess of her allegations.

The ALJ also reasonably found Plaintiff's testimony inconsistent with shopping in stores and going on walks. *See* AR 24. As Plaintiff points out (Dkt. 9 at 8, 9), she did both activities while accompanied by others. But even with this qualification, her tendency to perform some activities in public is reasonably found inconsistent with her statements indicating an inability to do the same.

<u>Inconsistent Statements</u>. The ALJ discounted Plaintiff's testimony because some statements she made were inconsistent with the record and therefore undermined her reliability. As the ALJ noted, Plaintiff testified she had not traveled during the relevant period (AR 48) but had taken a trip to the East Coast (*see* AR 530). She also testified she had stopped using cannabis in 2021 (AR 48–49), but evidence showed she continued to use cannabis in 2022 and 2023 (*see* AR 398, 693, 755, 1013).

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

An ALJ may use "ordinary techniques of credibility evaluation" in assessing a claimant's testimony, which includes considering "prior inconsistent statements concerning the symptoms" and "other testimony by the claimant that appears less than candid[.]" *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) ("conflicting information about [claimant's drug and alcohol usage'" proper basis for rejecting testimony).

Plaintiff argues the questions were not sufficiently specific to her testimony to constitute a specific reason for rejecting it. *See* Dkt. 9 at 7–9. The "specific" prong of the "specific, clear, and convincing" standard bars "general findings" of fact and requires the ALJ "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993), where ALJ erroneously did not "point to specific facts in the record"). It does not bar an ALJ from giving reasons applicable generally to the identified testimony where those reasons are clear and convincing reasons for rejecting that testimony. *See, e.g.*, *Thomas*, 278 F.3d at 959 (finding "specific, clear and convincing reasons" standard met by identifying inconsistent statements and inferring they "carried over" to credibility of other allegations).

In sum, the ALJ gave specific, clear, and convincing reasons for rejecting Plaintiff's testimony.

**B.      Dr. Ruddell's Medical Opinion**

Dr. Ruddell completed an opinion in December 2021 based on a telephonic examination of Plaintiff. AR 377–80. She opined Plaintiff would have marked limitations in adapting to changes, maintaining appropriate behavior, completing a workday and workweek without psychological interruptions, and setting realistic goals and planning independently. AR 379.

  For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. § 404.1520c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(1), (c)(2).

  The ALJ found Dr. Ruddell's opinion unpersuasive. AR 26. The ALJ discounted the opinion because it was inconsistent with the evidence of record, including Plaintiff's activities. *See* AR 26. As discussed, the ALJ properly considered Plaintiff's activities. The ALJ could reasonably find, for instance, that Plaintiff's participation in swap meets for selling jewelry indicated she had a less-than-marked limitation in her ability to set goals and plan independently and maintain appropriate behavior. "A conflict between a treating physician's opinion and a claimant's activity level is a specific and legitimate reason for rejecting the opinion." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020).

  Furthermore, the ALJ properly found the medical opinions rendered by the psychological consultants more persuasive because they were more consistent with evidence that she displayed normal memory, orientation, and mood, and that her judgment, insight, and memory were described as fair even when reporting auditory hallucinations. *See* AR 25.

  In sum, the ALJ reasonably assessed the medical opinion evidence and gave adequate reasons for finding Dr. Ruddell's opinion unpersuasive.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 8

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 4th day of September, 2025.

_David W. Christel_
United States Magistrate Judge